# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **Jo Ann Allen,** )  | |
| ) | |
| **Plaintiff,** ) | |
| ) | CV No.:_____ |
| v. ) | |
| ) | |
| **Guardian Life Insurance** ) | |
| **Company of America,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

**COMES NOW** the plaintiff, Jo Ann Allen, and files this Complaint for short term disability benefits, per a contractual agreement with Guardian Life Insurance Company of America.  In support of his Complaint, Plaintiff shows this Court the following:

### Jurisdiction and Venue

This court has subject matter jurisdiction pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq*., including 29 U.S.C. § 1132(a)(1)(B).  Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b).

### Parties

1) Plaintiff Jo Ann Allen is a disabled individual employed by Wellstone Behavior Health as a case manager, and is eligible for group benefits under a plan provided by her employer.  The agreement for coverage, together with

its associated documents and contract between Guardian Life Insurance Company of America and Allen's employer constitute an employee welfare benefit plan as the term is used in the Employee Retirement Income Security Act, 29 U.S.C. § 1002(1).

2) Defendant Guardian Life Insurance Company of America ("Guardian") is a resident citizen of New York. Guardian serves as an ERISA fiduciary and/or plan administrator providing benefits for the Plaintiff in the state of Alabama and is otherwise doing business in this federal district.

## Claim History

3) At all times relevant to this lawsuit, Plaintiff was eligible for coverage under a short-term disability plan administered by Guardian. Guardian is a fiduciary holding sole responsibility for making benefit decisions related to the plan.

4) Under the plan, Plaintiff was eligible to receive a monthly benefit of 60% of her insured earnings, rounded to the nearest dollar, with a maximum monthly amount of $750, for a maximum period of 25 weeks.

5) The plan defines disability for the purposes of short-term benefits as:

> **Disability or Disabled:** These terms mean that a current *sickness or injury* causes physical or mental impairment to such a degree that the covered person is: (a) not able to perform, on a full-time basis, the

      major duties of his or her *own job* and (b) not able to earn more than this plan's maximum allowed *disability earnings.*

      The covered person may be required, on average, to work more than 40 hours per week. In this case, he or she is not *disabled* if he or she is able to work 40 hours per week.

      Neither: (a) loss of a professional or occupational license; or (b) receipt of or entitlement to Social Security disability benefits; in and of themselves constitute *disability* under this *plan*.

6) The plan defines "own job" as:

      **Own Job:** A covered person's job for the *employer*. We use the job description provided by the *plan sponsor* to determine the duties and requirements of the covered person's *own job*.

7) Plaintiff became disabled under the terms of the plan on July 21, 2015. Plaintiff's disability is the result of a history of cervical stenosis, cervicalgia, and cervical radiculitis.

8) Plaintiff underwent an anterior cervical discectomy and fusion procedure (ACDF) on her spine on August 7, 2015.

9) Plaintiff was approved for short-term disability benefits from July 28, 2015 through October 14, 2015, but her benefits were discontinued beyond that date despite no improvement in her symptoms.

10) Plaintiff appealed the termination of her short-term disability benefits, and received notice on September 26, 2016 that her appeal had been denied.

11) As part of the appeal process, plaintiff submitted documentation from her physicians detailing the severity of her impairment. The documentations shows that her health conditions are of such severity that she remains unable to perform the duties of her own job.

**Count I:  Violations of the Employee Retirement Income Security Act**

12) Plaintiff incorporates the preceding paragraphs of his Complaint as if set out in full.

13) This claim is brought under 29 U.S.C. § 1132(a)(1)(B) and seeks to recover short-term disability benefits, damages, and attorney's fees as may be recoverable under this code provision and 29 U.S.C. § 1132(g).  The plaintiff seeks to enforce her rights under the plan in question. The plan is an employee benefit plan that appears to be regulated by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*.

14) Defendant Guardian had a duty to pay benefits under the disability insurance coverage for which Plaintiff paid premiums.

15) As set forth previously in this Complaint, Guardian wrongfully and unreasonably, and in violation of its obligations under ERISA, denied the Plaintiff's claim for short-term disability benefits.

WHEREFORE, the Plaintiff demands judgment against Defendant Guardian as follows:

a. For the sum of all past due short-term disability benefits;

b. For reinstatement of the Plaintiff's claim to disability benefits under the Plan;

c. For an award of attorney's fees and expenses;

d. For interest on all past due benefits;

e. For such other further or different relief as may be just and proper under 29 U.S.C. § 1132(a)(1)(B).

/s/ J. Zach Higgs, Jr. (ASB-8963-G64J)
Attorneys for Plaintiff
HIGGS & EMERSON
405 Franklin Street
Huntsville, AL  35801
(256) 533-3251 (phone)
(256) 533-3265 (fax)
higgs@higgsandemerson.com

Copy sent to:

Guardian Life Insurance Company of America
P.O. Box 14331
Lexington, KY  40512-4331